



RECEIVED
JUL 10
CHAMBERS
RICHARD J. HOLWELL

MICHAEL A. CARDOZO
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

BASIL C. SITARAS
*Assistant Corporation Counsel*
Tel.: (212) 788-0422
Fax: (212) 788-9776

July 9, 2007

VIA HAND DELIVERY
Honorable Richard J. Holwell
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/18/07
```

Re: Julia Mancebo v. City of New York, et al., 07 Civ. 5602 (RJH)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendant City of New York ("City"). I am writing to respectfully request a sixty (60) day enlargement of time from today, July 9, 2007 until September 7, 2007, within which the City may answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time in this action. To date, the undersigned has not yet received a response from plaintiff's counsel, Michael Colihan, Esq., in regards to this request, and as such, defendant City writes without plaintiff's consent.

      The complaint alleges, *inter alia*, that plaintiff was falsely arrested. In addition to the City of New York, the complaint also purports to name Police Officer Ahmed as a defendant. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to do so.

      Moreover, the enlargement will allow us to ascertain whether the individually named defendant has been properly served. Upon information and belief, according to the docket sheet in this matter, Police Officer Ahmed was allegedly served with legal process on or about June 22, 2007. If service has been properly effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendant. The defendant must then decide whether he wishes to be represented by this office. If so, we must obtain written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York, et al., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64

N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within request extending the City's time to answer or otherwise respond to the complaint until September 7, 2007.

Thank you for your consideration in this regard.

Respectfully submitted,

*Basil C. Sitaras*

Basil C. Sitaras (BS-1027)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   VIA FACSIMILE
      Michael Colihan, Esq.
      Attorney for Plaintiff
      Fax: (718) 694-0357

*Application Granted. A pre-trial conference shall be held on 9/7/07 at 10:30 a.m.*

SO ORDERED

[signature]
USDJ
7/16/07

2